```
         UNITED STATES DISTRICT COURT
            DISTRICT OF MINNESOTA
           Civil No. 13-2554(DSD/FLN)
```

Twin City Pipe Trades Service
Association, Inc., a Minnesota
non-profit corporation, Trustees
of the Plumbers and Pipefitters
National Pension Fund,

      Plaintiffs,

v.                                                  **ORDER**

MSES, LLC, a Georgia limited
liability company registered to
do business in Minnesota doing
business as ATR Service,

      Defendant.

    Laura Henderson, Esq., William A. Cumming, Esq. and
    Hessian & McKasy, PA, 3700 RBC Plaza, 60 South Sixth
    Street, Minneapolis, MN 55402, counsel for plaintiffs.

    Ross M. Hussey, Esq. and Udoibok, Tupa & Hussey, PLLP,
    The Grain Exchange, Suite 310, 400 South Fourth Street,
    Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion for summary judgment by plaintiffs Twin City Pipe Trades Service Association, Inc. and the Trustees of the Plumbers and Pipefitters National Pension Fund. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants in part the motion.

**BACKGROUND**

This matter arises out of the nonpayment of employee benefits under the Employee Retirement Income Security Act (ERISA) by defendant MSES, LLC d/b/a ATR Service (ATR). On September 17, 2013, plaintiffs filed suit alleging that ATR failed to submit fringe benefit contributions as required by the parties' collective bargaining agreement (CBA). Plaintiffs filed the instant motion on August 15, 2014, seeking judgment in the amount of unpaid contributions, a bond for future contributions, and attorney's fees. ATR concedes that it owes past unpaid contributions and does not dispute the amount of those contributions or associated liquidated damages and interest. ATR contests, however, plaintiffs' bond request as well as the amount of attorney's fees requested.

**DISCUSSION**

**I.   Injunctive Relief**

Plaintiffs request permanent injunctive relief in the form of two bonds totaling $88,200.00 under Section 515 of ERISA, 29 U.S.C. § 1132(a)(3) and the CBA. Plaintiffs argue that the bonds are necessary to ensure future benefit contributions.

ERISA generally permits fiduciaries to request "appropriate equitable relief" to redress ERISA violations or to enforce the terms of the CBA. 29 U.S.C. § 1132(a)(3). When assessing the

propriety of injunctive relief under this provision, the court considers four factors:  (1) the likelihood of the movant's ultimate success on the merits, (2) the threat of irreparable harm to the movant in the absence of relief, (3) the balance between the harm alleged and the harm that the relief may cause the non-moving party and (4) the public interest.  <u>Dataphase Sys., Inc. v. C.L. Sys., Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  An injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety.  <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003).

    **A.   Success on the Merits**

Plaintiffs argue that they have established the merits of their claim in the motion.  The court agrees, as does ATR, that past due contributions are owed to plaintiffs.  The proposed injunction, however, requests a bond for potential future benefit contributions "in the event [ATR] commences work again."  ECF No. 44, at 12.  There is no present indication that ATR intends to engage in relevant future work, nor is there any indication that it would not make required future payments to plaintiffs.  Indeed, plaintiffs acknowledge that ATR is not currently performing work under the CBA and has not done so since November 2013.[1]  Under these circumstances, there is no basis for the court to conclude

---

[1]  ATR is based in Atlanta, Georgia, and the CBA covers work in Minnesota.

that plaintiffs are entitled to prospective relief.  Plaintiffs have failed to meet their burden as to this factor.

### B.   Irreparable Harm

Plaintiffs also fail to establish irreparable harm.  This factor cannot be met when the harm will be compensable by monetary damages.  See Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 319 (8th Cir. 2009) ("Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages.").  If ATR performs relevant work in the future and fails to make benefit contributions, plaintiffs may seek redress through another lawsuit for damages.  Given that plaintiffs would have an adequate remedy at law, there is no irreparable harm.

### C.   Balance of Harms

Based on the above discussion, the harm to ATR would outweigh the theoretical harm to plaintiffs.  ATR should not be required to pay prospective damages based on the mere possibility of non-payment.

### D.   Public Interest

The court acknowledges the public interest in enforcing collective bargaining agreements. That interest is not implicated, however, when the issue at hand involves a potential future breach of such an agreement.  In short, none of the Dataphase factors support the imposition of injunctive relief.

Plaintiffs' reliance on the CBA to establish the propriety of a bond is similarly unavailing. The CBA provides that in the event of default, ATR shall post a bond "sufficient to pay all of the payments due ... for a period of at least three (3) months in advance." Hynes Aff. Ex. A, at 15-16. This provision is unenforceable under the circumstances presented. The CBA plainly contemplates ongoing work by the defaulting party. Here, ATR has not incurred any contribution payments since November 2013. As such, there is no reliable basis to determine an appropriate bond amount.[2] Further, it does not appear likely that ATR will perform relevant work under the CBA in the future. As a result, the CBA does not compel the court to issue an injunction.

## II.  Attorney's Fees

The parties agree that plaintiffs are entitled to attorney's fees and costs under 29 U.S.C. § 1132(g)(2), but disagree as to the amount. The point of contention is whether ATR should pay fees and costs incurred as a result of ATR's allegedly improper defenses. Plaintiffs argue that they should receive all of their fees and costs because they were forced to expend resources on ATR's defenses despite requests that ATR withdraw them. ATR responds that fees and costs relating to its defenses should be excluded because it made every effort to minimize litigation costs and did

---

[2] Contributions depend on the size and complexity of a given project and because ATR is not involved in a current project, the bond amount requested is inherently speculative.

not press its defenses. The court agrees with plaintiffs. ATR's refusal to withdraw its defenses required plaintiffs to assess and respond to them. As such, plaintiffs are entitled to the total amount of attorney's fees and costs requested.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion for summary judgment [ECF No. 43] is granted in part;

2. Judgment shall be entered against ATR in favor of plaintiff Twin City Pipe Trades Service Association, Inc. in the sum of $198,826.57, representing:

    a. $174,922.58 in principal fringe benefit contributions for June 2013 through November 2013;

    b. $17,492.26 in liquidated damages; and

    c. $6,411.73 in interest through September 26, 2014;

3. Judgment shall be entered against ATR in favor of plaintiff Trustees of the Plumbers and Pipefitters National Pension Fund in the sum of $34,344.08, representing:

    a. $27,893.60 in total principal pension contributions from February 2013 through November 2013;

    b. $2,789.36 in liquidated damages; and

    c. $3,661.12 in interest.

4.   Judgment shall also be entered against ATR in favor of plaintiffs, jointly, in the amount of $14,288.00, in attorney's fees and costs in this matter.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:   December 11, 2014

s/David S. Doty
David S. Doty, Judge
United States District Court
